**Order filed January 26, 2023.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-23-00038-CV

---

## IN RE KYLE FRENCH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-83581**

---

## ORDER

On January 20, 2023, relator Kyle French filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to vacate the October 24, 2022 order finding him in contempt of court and committing him to county jail. Relator has not filed a motion for temporary relief, however, he requests the following: "[t]hat this Court issue a Writ of Habeas Corpus commanding that the Relator be brought immediately before this Court"; "[t]hat Relator be admitted to bail pending a final

ruling on this Petition"; and "[t]hat the Court order that Relator be released from custody and restraint."

Relator's petition, appendix, and record are not in compliance with the Texas Rules of Appellate Procedure. The Rules of Appellate procedure require a party, who files a petition for writ of habeas corpus in in a court of appeals, to include proof that the relator is restrained. Tex. R. App. P. 52.3(d)(4), (k)(1)(D); *In re Serrano*, 482 S.W.3d 134, 135 (Tex. App.—El Paso 2015, orig. proceeding). Although referenced in relator's petition, neither relator's appendix nor the record include a "Sheriff's Certificate of Custody" demonstrating proof that relator is currently confined. *See In re Huitrado-Soto*, No. 05-16-00515-CV, 2016 WL 2353898, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.) (holding trial court's order, which was stamped "IN JAIL," did not provide proof of then present confinement required by Rule 52); *In re Miller*, No. 05-14-001023-CV, 2014 WL 3882317, at *1 (Tex. App.—Dallas Aug. 7, 2014, orig. proceeding) (mem. op.) (holding that website print out that purported to show relator's confinement by Collin County Sheriff's Department did not provide proof required by Rule 52).

Additionally, relator's petition for writ of habeas corpus and mandamus record contain unredacted sensitive information regarding relator's minor child. *See* Tex. R. App. P. 9.9(a)(3). The documents have been pulled down from this Court's website. Parties are required to redact all sensitive information in documents filed in this court unless the inclusion of the sensitive data is specifically required by a statute, court rule, or administrative regulation. Tex. R.

App. P. 9.9(b). There is no statute, court rule, or administrative regulation requiring the inclusion of sensitive data.

Moreover, it does not appear that relator has filed with the petition a certified or sworn copy of every document that is material to the relator's claim for relief as required by Rule 52.7(a)(1). The petition references material documents not in the record, including but not limited to the real party in interest's petition for enforcement of final protective order and the reporter's record from the September 21, 2022 hearing on the same.

Finally, Rule 52.7(a)(2) of the Texas Rules of Appellate Procedure requires the relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). Relator's record, which contains a reporter's record for the contempt hearing on October 24, 2022, does not include all of the exhibits from the hearing.

We ORDER relator to cure the deficiencies identified above within 10 days of the date of order. By this order, the Court gives relator notice that the failure to address timely these deficiencies will result in the involuntary dismissal of his petition for writ of habeas corpus.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.